1  BRIAN STRETCH (CABN 132612)
   Acting United States Attorney
2
   DAVID R. CALLAWAY (CABN 121782)
3  Chief, Criminal Division

4  KATHRYN HAUN (DCBN 484131)
   WILLIAM FRENTZEN (LABN 24421)
5  Assistant United States Attorneys

6      450 Golden Gate Avenue, Box 36055
       San Francisco, California 94102-3495
7      Telephone: (415) 436-7200
       FAX: (415) 436-7234
8      Kathryn.haun@usdoj.gov
       William.frentzen@usdoj.gov
9
   RAYMOND N. HULSER (MABN 551350)
10 Chief, Public Integrity Section

11 RICHARD B. EVANS (DCBN 441494)
   Trial Attorney
12
       1400 New York Avenue, N.W.
13     Washington, D.C. 20005
       Telephone: (202) 353-7760
14     Richard.B.Evans@usdoj.gov

15 Attorneys for United States of America

16

17                  UNITED STATES DISTRICT COURT

18                 NORTHERN DISTRICT OF CALIFORNIA

                        SAN FRANCISCO DIVISION
19

20  UNITED STATES OF AMERICA          )   No. CR-15-319 RS
                                      )
21              v.                    )   GOVERNMENT'S MOTION FOR IMMEDIATE
                                      )   REMAND AND ARREST WARRANT OR IN THE
22  SHAUN W. BRIDGES,                 )   ALTERNATIVE FOR ISSUANCE OF A BENCH
                                      )   WARRANT AND A BAIL REVIEW HEARING
23              Defendant.            )   AND [PROPOSED] ORDER FILED UNDER SEAL
                                      )   AND EX PARTE
24 _____  )

25
        The United States of America, by government counsel, hereby moves this Court for the
26
   defendant's immediate remand to custody and respectfully urges this Court to issue a warrant for the
27
   defendant's arrest. In the alternative the government moves for the issuance of a bench warrant for the
28
   MOTION FOR REMAND AND [PROPOSED] ORDER

defendant's arrest for the purposes of a Bail Review Hearing.

The reasons for this are the defendant's apparent attempt to procure identity documents to which he is not entitled. The latest attempt, which came to the government's attention *par hasard* due to the report of a local Maryland Police Detective, involves the defendant presenting himself to a local police office and making what appear to be false statements in an effort to procure a type of law enforcement identity. *See* Exhibit A (Department of Homeland Security Memorandum of Activity dated September 30, 2015).

As Exhibit A demonstrates, the defendant went to a local police station and stated that he wanted to report a theft of, *inter alia*, his Maryland State Trooper retirement credentials. *See id* at 1. In fact, it appears that this was a false statement to law enforcement in that Bridges did not have retirement credentials. *See id.* at 2 (Maryland State Police ("MSP") Human Resources Lieutenant confirming that "Bridges resigned and never retired from MSP and never received nor was he eligible for MSP retirement credentials."). Retirement law enforcement credentials carry with them all sorts of privileges depending on the jurisdiction. For example, retirement credentials could be used to procure additional forms of identification; could be used to justify carrying concealed weapons; and could be used to enter federal and other government buildings without going through ordinary security channels. Aside from the fact that Bridges never had MSP retirement credentials and that he was therefore being untruthful in reporting them stolen, the government is concerned that the defendant was possibly trying to obtain some form of such credentials, as well as the other circumstances surrounding Bridges' recent visit to the station.

For example, Bridges stated that he only wanted a "case number" for the incident and did not want to file an actual report. *See* Exhibit A at 1. The officer who received this information believed this was odd insofar as Bridges looked too young to have retirement credentials. Bridges stated that he was a cop and a report would not do any good and that he only wanted a case number. *Id.* at 1. He went on to state that he wanted to report the theft because he was previously a victim of fraud and that he had logged into his bank accounts on September 24, 2015 and his bank accounts were locked/frozen. Of course, this is presumably because, as Bridges is aware, his bank accounts were frozen in connection

MOTION FOR REMAND AND [PROPOSED] ORDER

with his instant case before this Court.

Responding officers also considered odd the fact that although Bridges was claiming that his wallet was stolen, he was still able to produce his Maryland State Driver's License. *Id.* at 2. Bridges did not explain why he did not want to complete a police report and instead only wanted a case number. At some point, he left. He returned later that evening and against stated he only wanted a case number without filing a police report.[1]

This Court is already familiar with the defendant's pre-plea attempts to change his name and identity, as well as his social security number, in an under seal manner with his local court system. Although the defendant proffered to the Court that the reason for this was the OPM Identity Breach, the government has since obtained the documents the defendant submitted to the local court in connection with his attempted identity change. Those documents also reveal that the defendant reported that he had been the victim of four separate documented cases of identity theft in 2015.

It should be noted that these are just two actions that have come to the attention of law enforcement due to state employees who did their own research to locate the appropriate federal authorities to alert. What concerns the government is not only these two actions but what other actions the defendant might be taking that the government is not aware of.

The government submits that the recent statement at the police station concerning the defendant's apparently stolen identification documents (documents that he never had in the first place) is the latest action by the defendant that demonstrates not only that he cannot be trusted while on court-ordered supervision, but also that demonstrates he cannot meet his burden under 18 U.S.C. Section 3143(a) ("the judicial officer <u>shall order</u> that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence . . . be detained, <u>unless the judicial officer finds by clear and convincing evidence</u> that the person is not likely to flee or pose a danger to the safety of any other person . . . ."). Quite specifically, the government believes that the defendant poses a severe risk of flight. While at the Secret Service he specialized in, among other things, use of the Dark Net and

---

[1] The government believes that this may have been because the police report could have alerted federal authorities including his Pretrial Services Officer.

MOTION FOR REMAND AND [PROPOSED] ORDER

identity theft. Moreover, the defendant pleaded to obstruction in connection with this case. The government believes that the only way that the defendant's appearance will be assured at his sentencing is through his remand to custody and accordingly respectfully urges the Court to issue the instant Proposed Order and Arrest Warrant. In the alternative, the government seeks the issuance of a bench warrant so that the defendant can be brought to Court to explain his recent actions.

The government moves to file this under seal and ex parte because if the Court grants the relief the government is seeking, i.e. a warrant, then premature disclosure of that fact to the defendant could cause the defendant to flee and jeopardize the government's current investigation into the defendant's most recent actions. In the event the Court grants the relief requested, the government would seek to unseal the instant Motion and supporting documents upon the defendant's apprehension. In the event the Court denies the relief request, the government requests the Motion and supporting documents are filed at that time.

A Proposed Order is attached.

Dated: October 5, 2015 
/s/
KATHRYN HAUN
WILLIAM FRENTZEN
Assistant United States Attorneys

MOTION FOR REMAND AND [PROPOSED] ORDER

# [~~PROPOSED~~] ORDER

For the reasons stated in the government's Motion and pursuant to 18 U.S.C. Section 3143(a), the Court finds that clear and convincing evidence has not been adduced that the defendant does not pose a flight risk or a danger to the community pending sentencing. Accordingly, it is hereby ORDERED that:

(1) an arrest warrant shall issue forthwith for the defendant's arrest; [or]

(2) a bench warrant is hereby issued for the defendant's arrest and he shall appear forthwith for purposes of a Bail Review Hearing before the Duty Magistrate Judge in the Northern District of California; and

(3) the government's motion for leave to file the foregoing motion and accompanying documents under seal and ex parte is hereby granted for good cause shown. This sealing Order shall terminate upon the defendant's apprehension.

DATED: 10/6/15

HONORABLE RICHARD SEEBORG
United States District Judge

3

STIPULATION AND [PROPOSED] ORDER

Office of Inspector General - Investigations
U.S. Department of Homeland Security


Homeland Security

# MEMORANDUM OF ACTIVITY

**Type of Activity:** Other: Shaun Bridges report of theft of MSP Retirement credentials

| Case Number: I15-USSS-BLX-04137 | Case Title: Shaun Bridges, SA, USSS, Baltimore, MD et. al. |

On September 24, 2015, Special Agent (SA) Todd McHale, Department of Homeland Security (DHS), Office of Inspector General (OIG), Biloxi Sub-office, contacted Christine Adams, Detective, Howard County, MD Police Department (HCPD), (443) 538-1320 in reference to Shaun Bridges attempting to report a stolen wallet and a tablet computer, at the HCPD Southern District located at 11226 Scaggsville Road, Laurel, MD 20723.

Adams said that the Southern District Duty Officer Renee Saunders and Cadet Elaine Miller assigned to the Southern District Duty desk on the afternoon of September 24, 2015, contacted Adams and told her that Bridges came to HCPD to report that his wallet was stolen from his vehicle. Bridges told Saunders and Miller that he was a retired Maryland State trooper of twelve years and that his retirement credentials were contained in the stolen wallet. Bridges said that he only wanted a case number and did not want to complete a report. Bridges left before completing the report and was not issued a case/report number. Adams had worked with Bridges in the past prior to his resignation as a U.S. Secret Service Special Agent and was surprised to hear that he said that he was a trooper of twelve years. Bridges later returned to HCPD on the evening of September 24, 2015. Bridges told Southern District Duty Officer Catherine Reed that he would like complete a police report. Reed told Bridges to wait until another officer arrived to complete the report. Reed attempted to contact Adams to determine if they should allow Bridges to file the report. However, before Reed was able to speak with Adams, Bridges left HCPD.

On September 29, 2015, SA McHale, telephonically interviewed HCPD Cadet Miller, (443) 557-8540, in reference to her interaction with Bridges. Miller explained that Bridges came into HCPD Southern District at approximately 1:45 pm on September 24, 2015 to report a stolen tablet computer and wallet. Bridges told Miller that the items were stolen from his mother's vehicle, but was unsure when and where the theft had occurred as he was in Howard, Prince Georges and Anne Arundel Counties that morning. Bridges said that he was a retired Trooper of twelve years with the Maryland State Police (MSP) and that his MSP retirement credentials were in the wallet. Miller thought this was odd because Bridges looked too young to have retired from MSP. Bridges said he was a cop and a report wouldn't do any good and only wanted a case number for the theft. Bridges explained that he wanted to report the theft, as he was previously a victim of fraud. Additionally, Bridges told Reed that he had logged into his accounts on the morning on September 24, 2015 and his bank

| Name, Title, Signature, and Date: | Reviewing Official Name, Title, Signature, and Date: |
|---|---|
| Todd McHale<br>Special Agent – September 30, 2015 | Ty C. Muller<br>Acting Assistant Special Agent in Charge  9/30/2015 |

**IMPORTANT NOTICE**

This report is intended solely for the official use of the Department of Homeland Security, or any entity receiving a copy directly from the Office of Inspector General. This report remains the property of the Office of Inspector General, and no secondary distribution may be made, in whole or in part, outside the Department of Homeland Security, without prior authorization by the Office of Inspector General. Public availability of the report will be determined by the Office of Inspector General under 5 U.S.C. 552. Unauthorized disclosure of this report may result in criminal, civil, or administrative penalties.