# EXHIBIT A

1 | BRIAN STRETCH (CABN 132612)
Acting United States Attorney

2
DAVID R. CALLAWAY (CABN 121782)
3 | Chief, Criminal Division

4 | KATHRYN HAUN (DCBN 484131)
WILLIAM FRENTZEN (LABN 24421)
5 | Assistant United States Attorneys

6     450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
7     Telephone: (415) 436-7200
    FAX: (415) 436-7234
8     Kathryn.haun@usdoj.gov
    William.frentzen@usdoj.gov
9
RAYMOND N. HULSER (MABN 551350)
10 | Chief, Public Integrity Section

11 | RICHARD B. EVANS (DCBN 441494)
Trial Attorney
12
    1400 New York Avenue, N.W.
13     Washington, D.C. 20005
    Telephone: (202) 353-7760
14     Richard.B.Evans@usdoj.gov

15 | Attorneys for United States of America

**FILED**

JAN 2 7 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SHAUN W. BRIDGES<br>(A/K/A "NUMBER 13"),<br><br>Defendant. | NO. CR 15-CR 319-001 RS<br><br>ORDER<br>UNITED STATES' RENEWED EMERGENCY MOTION FOR DEFENDANT'S IMMEDIATE REMAND AND ARREST<br><br>**FILED UNDER SEAL AND EX PARTE** |

1

This Monday the defendant filed a motion to have his electronic monitoring removed which the government opposed and which the Court denied. This plan would have had the defendant driving with his mother-in-law, Carla Esposito, to New Hampshire to self-surrender to FCI Berlin. Today, the defendant has filed a motion to self-surrender a day early and proposes that he will again be driven by his mother-in-law, Carla Esposito. For the reasons that follow, the United States, through its undersigned attorneys, hereby opposes the motion filed by defendant Shaun W. Bridges for self-surrender and renews its prior motions for Bridges' immediate remand to the custody of the U.S. Marshal's in lieu of self-surrender for the reasons that follow. To effectuate this remand to custody, the government respectfully urges this Court to issue a warrant for the defendant's arrest so that federal agents can tomorrow transport him to the U.S. Marshal's, who can then transport him to the facility designated by BOP.

In support of this Motion, the government attaches as Exhibit A a search warrant for the premises and persons of defendant Bridges and his now-wife, Ariana Esposito, that was just issued today in the District of Maryland by U.S. Magistrate Judge Timothy Sullivan. The warrant and affidavit in support thereof speak for themselves, but in sum lay out new criminal conduct the government is investigating to include new thefts and money laundering that were accomplished <u>after</u> Bridges had signed a guilty Plea Agreement with the government in this case and after he had entered his pleas before this Court. As set forth in Exhibit A, one of the thefts was worth approximately $700,000 and was accomplished on or about July 28, 2015, and another theft was worth approximately $20,000 and accomplished on or about September 10, 2015. See generally Exhibit A (attached federal search warrant issued January 27, 2016). The funds at issue in both thefts were digital currency and stemmed from digital currency seizure warrants the U.S. government had conducted in the District of Maryland.[1] Defendant Bridges had unique access to both of the digital currency wallets containing the stolen funds, and after he was charged in the instant case the investigative and prosecutorial team in the instant case advised the U.S. Secret Service to promptly move the $700,000 in funds to a wallet to which Bridges did

---

[1] At least one of these warrants went through the U.S. Attorney's Office for the District of Maryland. It is at this time unknown whether the other warrant also went through the U.S. Attorney's Office for the District of Maryland.

not have access. See generally id. Unfortunately, the U.S. Secret Service did not [*"to" crossed out, "not" written above*] do so and the funds were thereafter stolen, something the U.S. Secret Service only discovered once it was ordered by a court to pay a portion of the seizure back to affected claimants. See id. The government is now investigating both of these thefts as well as whether there were other thefts of digital currency aside from these.

The affidavit in support of the warrant also details suspicious account activity involving Bridges' and Esposito's separate PayPal accounts in or about September 2015. See id. at Paragraphs 60-61, 73. Aside from that activity, it appears that Bridges' PayPal account was used in an attempt to procure a birth certificate from Germany. See id. at Paragraph 61.

What is not included in the affidavit because it was just learned today[2] from the company, Germany-Service located in Germany, is that in or about June 2015, an "Ariana Esposito" on Lillian Lane in Maryland attempted to procure a birth certificate on or about June 6, 2015. According to information received from the company, the requested certificate was to "obtain the Birth Certificate of [my] grandmother or grandfather . . . [For which country the document is needed:] Italy." Further information from the company lists the "Shopper's Name" as "Shaun Bridges" and also provides the Lillian Lane address. The service refunded the payment on or about June 27, 2015 because it was "unable to determine the correct place of birth" the requestor had provided.

In addition, what was also recently learned from records received from PayPal is that on or about July 8, 2015, Bridges' PayPal account made a payment to Johnson Genealogy Services with a note in the payment section that it was for "marriage certificate: Carl Esposito."[3] The government is in the process of attempting to obtain further information about this transaction from the merchant. The Court will recall the defendant's earlier attempts to change his name to Calogero Esposito and procure a new social-security number as well as his attempts to shield that information from the public record.[4]

---

[2] Ordinarily the government would not proffer these facts in a pleading but would have them in a sworn affidavit by a law enforcement agent. However, due to the timing and the need to present the Court with the facts the government has available to it, as well as the fact that most of the agents are on the East Coast preparing to execute the search warrant or unavailable, the government has elected to proffer this information.

[3] Recall that the defendant's mother-in-law's name is Carla Esposito.

[4] It is unclear whether the defendant is/was attempting to change his name and procure additional identity documents in the name of another to (1) open new accounts at financial institutions in a new name so as to liquidate new possible criminal proceeds; or (2) to use those new identity documents to obtain other documents to flee; or (3) both. However, the government submits that given the facts set

Those records just received from PayPal have been preliminarily analyzed today by the FBI and reveal that Bridges appears to have been in violation of the court-ordered conditions of his pretrial release in the instant case by accessing TOR ("The Onion Router"), an anonymizing technique that many users of Dark Net marketplaces use.[5] As part of Bridges' conditions of release imposed by Judge James in March 2015, Bridges was not allowed to use TOR or access any Dark Net Market. That condition was later tightened even further on or about October 15, 2015, such that Bridges was not permitted to use any computer device at all. Specifically, the FBI's preliminary analysis of IP logs provided by PayPal that were used in connection with Bridges' PayPal account reveal that on or about April 11, 2015, that account logged in and out 51 times and on 3 of those occasions the individual used known TOR exit nodes. After logging in using TOR on April 11, 2015, there is a record of a cancelled transaction for 12,000 euros. The individual on the other side of that transaction used an email account believed to be based in Italy. In addition, Bridges' account with PayPal contained a secondary email account, sbridges@yandex.com. The FBI advises that Yandex is a known Russian email service. Although the government submits that it is of course possible that Bridges' account was compromised, the government submits this is unlikely because after those dates, funds flowed from Bridges' PayPal account to Ariana Esposito's PayPal account and there was normal account activity in the accounts.

The Court noted that this was a close case for remand at the time of sentencing. The government disagreed that Bridges had met the statutory standard of 18 U.S.C. Section 3143 which required the defendant to demonstrate by clear and convincing evidence that he did not pose a flight risk or a danger to the community given his attempts to change his identity. The government submits that the new information described above and the facts contained in Exhibit A makes this not a close case: it again raises the specter that Bridges may have (1) access to a large amount of funds; (2) possible identity documents not in his own name; and (3) a willing accomplice to help him conceal funds and/or flee. Add to this that this defendant is knowledgeable about how to cover his tracks given his time as a federal agent, and who has a history before this Court of attempting to change his identity. The government submits that the only way to ensure that the defendant makes it to the BOP facility to serve

forth in Exhibit A this should continue to cause the Court concern.

[5] Of course, TOR use also has other legitimate purposes.

4

his sentence is to take him into federal custody forthwith. This is especially true if a search is executed at his residence tomorrow -- such that he begins to suspect that the government is investigating the new thefts possibly rendering him the subject of new charges and new forfeiture – and incentivizing him to deviate from his stated plan of driving to New Hampshire. Finally, the defendant has pleaded guilty and has a long term of imprisonment to serve such that the mandatory remand features of the Section 3143 statute apply.

The government moves to file this under seal and ex parte because if the Court grants the relief the government is seeking, i.e. a warrant, premature disclosure of that fact to the defendant could cause the defendant to flee and jeopardize the government's current investigation into the defendant's most recent actions. In addition, the search warrant out of Maryland attached as Exhibit A is itself under seal and is set to be executed sometime within the next 10 days, possibly as early as tomorrow. Premature disclosure of that could jeopardize the items that are to be seized in the execution of those warrants.

A Proposed Order is attached.

DATED: January 27, 2016                                Respectfully submitted,

BRIAN J. STRETCH
Acting United States Attorney

KATHRYN HAUN
WILLIAM FRENTZEN
Assistant United States Attorneys

RICHARD B. EVANS
Public Integrity Section

## ~~PROPOSED~~ ORDER

For the reasons set forth above, the Clerk's Office is directed to issue an Arrest Warrant FORTHWITH for the arrest of Shaun Bridges. Upon being taken into custody by federal agents, the defendant shall be remanded to the custody of the U.S. Marshal's who shall transport him to a BOP facility to begin serving his sentence.

For good cause shown, this Order and the Government's Motion shall remain under seal until further order of this Court.

1/27/16

HON. RICHARD SEEBORG
U.S. District Court

6