Scott L. Fenstermaker, Esq.
Attorney for Defendant/Movant Shaun Bridges
100 Park Avenue, 16th Floor
New York, New York 10017
212-302-0201 (office)
917-817-9001 (cellular)
212-302-0327 (facsimile)
scott@fenstermakerlaw.com
New York State Bar Number 2519866
Appearing *pro hac vice*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

---------------------------------------------------------------

United States of America,

                          Plaintiff,           :      Case Number 3:15-cr-00319-RS

         v.

Shaun Bridges,

                        Defendant.

---------------------------------------------------------------

**MOVANT SHAUN BRIDGES' MEMORANDUM OF LAW IN SUPPORT OF HIS
MOTION, PURSUANT TO 28 U.S.C. §2255, TO VACATE HIS SENTENCE,
JUDGMENT OF CONVICTION AND WAIVER OF INDICTMENT**

United States v. Shaun Bridges

Memorandum of Law in Support of 28 U.S.C. §2255 Motion

## Table of Contents

|      | Table of Authorities | Page iii |
|------|----------------------|----------|
| I.   | Procedure | Page 1 |
| II.  | Grounds | Page 1 |
| III. | The Facts | Page 2 |
| IV.  | The Law | Page 4 |
|      | A. Federal Rule of Criminal Procedure Rule 11 | Page 4 |
|      | B. Federal Rule of Criminal Procedure Rule 7 | Page 4 |
|      | C. 18 U.S.C. §1957 | Page 4 |
|      | D. 28 U.S.C. §2255 | Page 4 |
|      | E. Fifth Amendment to the United States Constitution | Page 5 |
|      | F. Sixth Amendment to the United States Constitution | Page 5 |
|      | G. Case Law | Page 5 |
|      |     1. Rule 11 | Page 5 |
|      |     2. Due Process | Page 10 |
|      |     3. Ineffective Assistance of Counsel | Page 11 |
|      |     4. Plea Agreements and Related Waivers | Page 14 |
|      |     5. Waivers of Indictment | Page 15 |
|      |     6. Proper Remedy for an Invalidated Integrated Plea Agreement | Page 16 |
|      |     7. 28 U.S.C. §2255 Motions | Page 16 |
| V.   | Argument | Page 16 |
|      | A. Introduction | Page 17 |

B.  Movant's Waiver of Indictment and Guilty Plea          Page 17
     Were Obtained in Violation of His Fifth Amendment
     Due Process Rights

C.  Movant's Plea Agreement Violated Basic Contract        Page 18
     Law Principles

D.  Rule 11 of the Federal Rules of Criminal Procedure     Page 19

E.  Ineffective Assistance of Trial and Appellate Counsel  Page 22

F.  Movant's Waiver of Indictment Must Be Withdrawn        Page 23

G.  Timeliness of This Application                          Page 25

VI.   Conclusion                                           Page 25

United States v. Shaun Bridges

Memorandum of Law in Support of 28 U.S.C. §2255 Motion

Table of Authorities

United States Constitution

| | |
|---|---|
| Fifth Amendment | Pages 5, 16 |
| Sixth Amendment | Pages 5, 16 |

United States Statutes

| | |
|---|---|
| 18 U.S.C. §1957 | Pages 4, 16, 23 |
| 28 U.S.C. §2255 | Pages 4, 6, 16 |

Cases

| | |
|---|---|
| *Bartlett v. United States*, 354 F.2d 745 (8th Cir. 1966) | Pages 15, 16, 23 |
| *Beardslee v. United States*, 541 F.2d 705 (8th Cir. 1976) | Pages 15, 16, 23 |
| *Beckham v. Wainwright*, 639 F.2d 262 (5th Cir. 1981) | Page 13 |
| *Boykin v. Alabama*, 395 U.S. 238 (1969) | Page 10, 17 |
| *Brady v. United States*, 397 U.S. 742 (1970) | Page 10, 17 |
| *Brown v. Poole*, 337 F.3d 1155 (9th Cir. 2003) | Pages 14, 18 |
| *Carter v. McCarthy*, 806 F.2d 1373 (9th Cir. 1986) | Page 10, 17 |
| *Clay v. United States*, 537 U.S. 522 (2003) | Pages 16, 25 |
| *Cullen v. Pinholster*, 131 S.Ct. 1388 (2011) | Page 12 |
| *Hill v. Lockhart*, 474 U.S. 52 (1985) | Pages 11, 13, 22 |
| *Hill v. United States*, 368 U.S. 424 (1962) | Page 6, 19, 23 |
| *Hughes v. Borg*, 898 F.2d 695 (9th Cir. 1990) | Page 12 |
| *Johnson v. United States*, 520 U.S. 461 (1997) | Pages 8, 20 |
| *Lafler v. Cooper*, 132 S.Ct. 1376 (2012) | Page 13 |

*McMann v. Richardson*, 397 U.S. 759 (1970)                                    Page 13

*Missouri v. Frye*, 132 S.Ct. 1399 (2012)                                      Page 13

*Murray v. Carrier*, 477 U.S. 478 (1986)                                       Page 14

*Najera-Gordillo v. United States*, 2009 U.S. Dist. LEXIS 82062               Pages 7, 11, 12, 13, 20

*Nunes v. Mueller*, 350 F.3d 1045 (9th Cir. 2003)                             Page 13

*Padilla v. Kentucky*, 559 U.S. 356 (2010)                                    Page 13

*Pitts v. United States*, 763 F.2d 197 (6th Cir. 1985)                        Page 11

*Smith v. Robbins*, 528 U.S. 259 (2000)                                       Page 12

*Strickland v. Washington*, 466 U.S. 668 (1984)                              Pages 11, 12, 13, 23

*Torrey v. Estelle*, 842 F.2d 234 (9th Cir. 1988)                            Page 11

*United States v. Barrios-Gutierrez*, 218 F.3d 1118 (9th Cir. 2000)          Page 8, 9, 20

*United States v. Barron*, 172 F.3d 1153 (9th Cir. 1999)                     Pages 17, 18, 22

*United States v. Benz*, 472 F.3d 657 (9th Cir. 2006)                        Pages 9, 10, 20, 21

*United States v. Blaylock*, 20 F.3d 1458 (9th Cir. 1994)                    Page 13

*United States v. Borowy*, 595 F.3d 1045 (9th Cir. 2010)                     Pages 6, 7, 19, 20, 21

*United States v. Brye*, 146 F.3d 1207 (10th Cir. 1998)                      Page 15

*United States v. Clark*, 218 F.3d 1092 (9th Cir. 2000)                      Page 14, 18

*United States v. Collins*, 684 F.3d 873 (9th Cir. 2012)                     Pages 5, 6, 7, 8, 20

*United States v. Cotton*, 535 U.S. 625 (2002)                              Pages 6, 19, 20

*United States v. Dawson*, 193 F.3d 1107 (9th Cir. 1999)                    Page 7

*United States v. De La Fuente*, 8 F.3d 1333 (9th Cir. 1993)                Pages 14, 15, 18

*United States v. Dominguez Benitez*, 542 U.S. 74 (2004)                    Pages 5, 6, 7, 8, 19, 20, 21

*United States v. Ferguson*, 758 F.2d 843 (2d Cir. 1985)                    Pages 15, 23

*United States v. Franco-Lopez*, 312 F.3d 984 (9th Cir. 2002)               Pages 15, 18, 25

*United States v. Gastelum*, 16 F.3d 996 (9th Cir. 1994)                    Page 8

*United States v. Graibe*, 946 F.2d 1428 (9th Cir. 1991)          Pages 8, 10, 17

*United States v. Grewal*, 825 F.2d 220 (9th Cir. 1987)          Page 7

*United States v. Guerra*, 94 F.3d 989 (5th Cir. 1996)          Page 11

*United States v. Hamdi*, 432 F.3d 115 (2nd Cir. 2005)          Page 14

*United States v. Hogg*, 723 F.3d 730 (6th Cir. 2013)          Page 11

*United States v. Jaramillo-Suarez*, 857 F.2d 1368 (9th Cir. 1988)          Pages 8, 9, 20

*United States v. Jeronimo*, 398 F.3d 1149 (9th Cir. 2005)          Pages 11, 14, 18, 22

*United States v. Joyce*, 357 F.3d 921 (9th Cir. 2004)          Pages 14, 18

*United States v. Keller*, 256 Fed. Appx. 184 (9th Cir. 2007)          Pages 16, 21

*United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013)          Pages 6, 19, 20, 21, 23

*United States v. Littlejohn*, 224 F.3d 960 (9th Cir. 2000)          Page 10, 11

*United States v. Macklin*, 523 F.2d 193 (2d Cir. 1975)          Pages 15, 23

*United States v. Martinez*, 143 F.3d 1266 (9th Cir. 1998)          Pages 14, 18

*United States v. Monzon*, 429 F.3d 1268 (9th Cir. 2005)          Pages 6, 7, 21

*United States v. Myers*, 451 F.2d 402 (9th Cir. 1972)          Page 9

*United States v. Najera-Gordillo*, 2014 U.S. Dist. LEXIS 162004          Pages 12, 13, 23

*United States v. Nunez*, 223 F.3d 956 (9th Cir. 2000)          Page 14

*United States v. Odedo*, 154 F.3d 937 (9th Cir. 2000)          Page 9

*United States v. Olano*, 507 U.S. 725 (1993)          Page 6

*United States v. Preston*, 706 F.3d 1106 (9th Cir. 2013)          Page 23

*United States v. Ratigan*, 351 F.3d 957 (9th Cir. 2003)          Page 14

*United States v. Sandoval-Lopez*, 122 F.3d 797 (9th Cir. 1997)          Pages 16, 21

*United States v. Sandoval-Mendoza*, 472 F.3d 645 (9th Cir. 2006)          Page 8

*United States v. Signori*, 844 F.2d 635 (9th Cir. 1988)          Page 15

*United States v. Spear*, 753 F.3d 964 (9th Cir. 2014)          Page 14, 25

*United States v. Stubbs*, 279 F.3d 402 (6th Cir. 2002)   Page 11

*United States v. Timmreck*, 441 U.S. 780 (1979)   Pages 6, 7, 19

*United States v. Transfiguracion*, 442 F.3d 1222 (9th Cir. 2006)  Pages 14, 15, 18

*United States v. Vonn*, 535 U.S. 55 (2002)   Pages 5, 19

*United States v. Wills*, 881 F.2d 823 (9th Cir. 1989)   Page 11

Rules of the United States Supreme Court

United States Supreme Court Rules Rule 13   Pages 16, 25

Federal Rules of Criminal Procedure

Federal Rule of Criminal Procedure Rule 7   Pages 4, 15

Federal Rule of Criminal Procedure Rule 11   Pages 4, 5, 6, 8, 16, 18, 19

Federal Rule of Criminal Procedure Rule 52   Page 5, 19

Treatises

Black's Law Dictionary 328 7th Ed. 1999   Page 15, 18

11 Williston on Contracts (4th ed. 2014)   Page 14, 25

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

-------------------------------------------------------------

United States of America,                        :
                                                 :
                    Plaintiff,                   :        Case Number 3:15-cr-00319-RS
                                                 :
          v.                                     :
                                                 :
Shaun Bridges,                                   :
                                                 :
                    Defendant.                   :

-------------------------------------------------------------

## MOVANT'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO VACATE HIS SENTENCE, JUDGMENT OF CONVICTION AND WAIVER OF INDICTMENT

### I.    PROCEDURE

Pursuant to a June 15, 2015 plea agreement (the "Plea Agreement"), Movant Shaun Bridges waived indictment and pled guilty to a two-count information on August 31, 2015.  On December 7, 2015, Movant Bridges was sentenced to 71 months of imprisonment and three years of supervised release on each count of conviction, to run concurrently, a special assessment of $200.00, criminal forfeiture in amounts specified in the judgment, and a money judgment. Movant subsequently filed an appeal to the United States Court of Appeals for the Ninth Circuit. That appeal was denied on April 7, 2017 and filed with the clerk of the court on April 11, 2017. *United States v. Bridges*, 686 Fed. Appx. 491 (9th Cir. 2017).

### II.   GROUNDS

As described below, Movant's right to due process of law was violated because his waiver of indictment and plea of guilty were not entered into knowingly and voluntarily, the Court violated Rule 11 of the Federal Rules of Criminal Procedure by affirmatively

misinforming Movant of the maximum possible penalty for his money laundering conviction, and Movant's trial and appellate counsel were ineffective because of their failure to (1) properly inform Movant of the maximum permissible term of imprisonment, and (2) raise this issue on direct appeal where the standard of review is less restrictive.

## III.   THE FACTS

The negotiated Plea Agreement, a copy of which is attached to the June 12, 2018 declaration of Scott L. Fenstermaker, Esq. ("Fenstermaker Declaration") as Exhibit A thereto, obligated Movant to plead guilty pursuant to a two-count information (the "Information"), charging him with one count of money laundering, in violation of 18 U.S.C. §1957, and one count of obstruction of justice, in violation of 18 U.S.C. §1512(c)(2).  A copy of the Information is attached as Exhibit B to the Fenstermaker Declaration.

The negotiated Plea Agreement incorrectly stated that the maximum punishment for the Information's money laundering count was 20 years.  The Information and the Plea Agreement were inextricably intertwined by stipulation between the parties and Order of the Court.  *See* Documents 37 and 42 herein, attached as Exhibits B and A respectively to the Fenstermaker Declaration.  Although Movant did not formally waive prosecution by indictment and was not arraigned on the Information until August 31, 2015, the government filed the Information with the clerk of the court on June 16, 2015, about 10 weeks before Movant executed the waiver of indictment – and one day after he executed the Plea Agreement.  *See* Document 36 herein.  A copy of Movant's August 31, 2015 waiver of indictment ("Waiver of Indictment") is attached to the Fenstermaker Declaration as Exhibit C thereto.

Movant was arraigned upon the Information on August 31, 2015.  During his arraignment, he was incorrectly informed that the maximum punishment for his money

2

laundering conviction was 20 years. *See* minutes of August 31, 2015 arraignment, Page 4, lines 2 through 9; attached to the Fenstermaker Declaration as Exhibit D thereto. During Movant's August 31, 2015 guilty plea, the Court advised him that the maximum punishment for money laundering is 20 years. *See* minutes of Movant's August 31, 2015 guilty plea, page 7, lines 12 through 17, attached to the Fenstermaker Declaration as Exhibit E thereto. Page one of Movant's November 2, 2015 presentence report ("PSR") similarly advised Movant that he faced a maximum of 20 years on his money laundering conviction. Movant's PSR is attached to the Fenstermaker Declaration as Exhibit F thereto.[1] Movant's June 16, 2015 Defendant Information Relative to a Criminal Action similarly informed him that he faced a maximum of 20 years on his money laundering conviction. Movant's Defendant Information Relative to a Criminal Action is attached to the Fenstermaker Declaration as Exhibit G thereto.

Movant was unaware that the maximum sentence permitted by statute for his money laundering conviction was 10 years, rather than 20, until he reviewed a draft plea agreement in an unrelated matter, after his appeal in this matter was dismissed as a result of appellate counsel's filing an *Anders* brief. *See* May 25, 2018 declaration of Shaun Bridges ("Bridges Declaration"), Paragraphs 2, 5, and 10; *see also* May 31, 2018 declaration of Laurel Headley ("Headley Declaration"). Movant learned of this discrepancy in May, 2017. *See* Bridges Declaration, Paragraph 2. Movant would not have agreed to waive indictment and enter a guilty plea in this matter, had he been properly informed that the maximum punishment for his money laundering count of conviction was only 10 years. *See* Bridges Declaration, paragraphs 2 through 10.

---

[1] With the Court's permission, Movant will file a copy of his PSR under seal.

## IV.   THE LAW

### A.  Fed. R. Crim. Proc. Rule 11

Rule 11 of the Federal Rules of Criminal Procedure provides that

Before the court accepts a plea of guilty or *nolo contender*, the defendant may be placed under oath, and the court must address the defendant personally in court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following:  (G) the nature of each charge to which the defendant is pleading guilty; (H) *any* maximum possible penalty, including imprisonment, fine, and supervised release;  . . . .  Rule 11(b)(1).  (Emphasis added).

A variance from the requirements of this rule is harmless error if it does not affect substantial rights.  Rule 11(h).

### B.  Fed. R. Crim. Proc. Rule 7

Rule 7(b) of the Federal Rules of Criminal Procedure provides that

An offense punishable by imprisonment for more than one year may be prosecuted by information if the defendant – in open court and *after being advised of the nature of the charge and of the defendant's rights* – waives prosecution by indictment.  (Emphasis added).

### C.  18 U.S.C. §1957

18 U.S.C. §1957 provides that a defendant convicted of this provision may not

be sentenced to a term of imprisonment *exceeding ten years*.  *See* 18 U.S.C. §1957(b)(1).

### D.  28 U.S.C. §2255

28 U.S.C. §2255 provides that

A prisoner in custody under sentence of a court established by an Act of Congress claiming a right to be released upon the ground that the sentence was imposed in violation of the Constitution or Laws of the United States, . . ., or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.   28 U.S.C. §2255(a).

Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the

issues and make findings of fact and conclusions of law with respect thereto. 28 U.S.C. §2255(b).

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final; . . . . 28 U.S.C. §2255(f)(1).

### E. Fifth Amendment to the United States Constitution

The Fifth Amendment to the United States Constitution provides, *inter alia*, "[n]o person shall . . . be deprived of life, liberty, or property, without due process of law; . . . ."

### F. Sixth Amendment to the United States Constitution

The Sixth Amendment to the United States Constitution provides, *inter alia*, "[i]n all criminal prosecutions, the accused shall enjoy the right to . . . . have the Assistance of Counsel for his defense."

### G. Case Law

#### 1. Rule 11

When challenging his or her conviction on direct appeal, a defendant who failed to raise a Rule 11 violation in the trial court bears the burden of satisfying the plain error rule and the trial court can review the entire record to determine if the error affected the defendant's substantial rights. *See United States v. Vonn*, 535 U.S. 55, 59 (2002); *see also United States v. Collins*, 684 F.3d 873, 881 (9th Cir. 2012), *citing United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *see also Fed. R. Crim. Proc.* Rules 11(h) and 52(b). On the other hand, in order to overturn a guilty plea and related proceedings on collateral attack, the defendant must make a "showing that the Rule 11 proceeding was inconsistent with the rudimentary demands of fair procedure.'" *Vonn*, *supra.*, 535 U.S. at

64, *citing United States v. Timmreck*, 441 U.S. 780, 783 (1979), in turn *quoting Hill v. United States*, 368 U.S. 424, 428 (1962).

Rule 11 collateral relief is available under 28 U.S.C. §2255 when the petitioner can demonstrate that there exists a plain error that either constitutes a "defect which inherently results in a complete miscarriage of justice" *or* a proceeding "inconsistent with the rudimentary demands of fair procedure." *Timmreck, supra.* 441 U.S. at 783-84. "Plain error is '(1) error, (2) that is plain, and (3) that affect[s] substantial rights . . . .'" *United States v. Kyle*, 734 F.3d 956, 963 (9th Cir. 2013), *quoting United States v. Cotton*, 535 U.S. 625, 631 (2002); *see also United States v. Borowy*, 595 F.3d 1045, 1049 (9th Cir. 2010). If these conditions are satisfied, the court can notice the forfeited error where "(4) the error seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* "The key inquiry is whether 'a defendant . . . [can] show a reasonable probability that, but for the error, he would not have entered the plea.'" *Id., quoting Dominguez Benitez, supra.*, 542 U.S. at 76; *see also Borowy, supra.*, *citing United States v. Monzon*, 429 F.3d 1268, 1272 (9th Cir. 2005).

Ordinarily, "[f]or an error to affect substantial rights, 'in most cases it means that the error must have been prejudicial: It must have affected the outcome of the district court proceedings.'" *Collins, supra.*, 684 F.3d at 881, *quoting United States v. Olano*, 507 U.S. 725, 734 (1993). Accordingly, factors that a reviewing court will examine in making the determination whether the Rule 11 violation would have affected the defendant's decision to plead guilty include: the strength of the government's case and any defenses that the defendant would have had thereto, evidence indicating that the error was inconsequential to the defendant's decision to plead guilty, and evidence of other

significance of other facts in the defendant's decision-making. *See Borowy, supra., citing Dominguez Benitez, supra.*, 542 U.S. at 84-85. Within the context of these ordinary circumstances, the defendant bears the burden of satisfying the court that, based upon the entire record, "'the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding' but need not prove by a preponderance that the result would have been different." *Borowy, supra.*, 595 F.3d at 1049, *quoting Dominguez Benitez, supra.*, 542 U.S. at 83, n. 9.; *see also Monzon, supra.*, 429 F.3d at 1272 (containing a thorough discussion of the standard by which a Court must review a Rule 11 violation).

Under these ordinary circumstances, "[w]hen a habeas petitioner challenges a guilty plea based on a violation of Rule 11, 'he must establish that the violation amounted to a jurisdictional or constitutional error or that the violation resulted in a complete miscarriage of justice or in a proceeding inconsistent with the demands of fair procedure.'" *Najera-Gordillo v. United States*, 2009 U.S. Dist. LEXIS 82062, *2 and *3, *quoting United States v. Grewal*, 825 F.2d 220, 222 (9th Cir. 1987), *citing Timmreck, supra.*, 441 U.S. at 783-84. "A petitioner also 'must establish that he was prejudiced in that he was unaware of the consequences of his plea, and, if properly advised, would not have pleaded guilty.'" *Id.*, at *3, *quoting United States v. Dawson*, 193 F.3d 1107, 1110 (9th Cir. 1999), *quoting Grewal, supra.*, 825 F.2d at 222.

On the other hand, "[c]ertain 'structural' Rule 11 errors, however, have been deemed so fundamental as to 'undermin[e] the fairness of a criminal proceeding as a whole,' and require reversal 'without regard to the mistake's effect on the proceeding.'" *Collins*, 684 F.3d at 881, *quoting Dominguez Benitez, supra.*, 542 U.S. at 81. "Hence, if

the plain error was a structural one, the existence of prejudice is generally presumed."
*Id., citing United States v. Sandoval-Mendoza*, 472 F.3d 645, 652 (9th Cir. 2006); *see also Johnson v. United States*, 520 U.S. 461, 469 (1997). Structural errors mandate reversal of the proceedings regardless of their effect on the results because they undermine the fairness of criminal proceedings. *See Dominguez Benitez, supra.; see also Sandoval-Mendoza, supra.*

For instance, in *United States v. Barrios-Gutierrez*, 218 F.3d 1118, 1121 (9th Cir. 2000), *r'hrg en banc granted*, 234 F.3d 493, *different results reached on r'hrg en banc*, 255 F.3d 1024 (9th Cir. 2001) (*en banc* decision reaffirmed the axiom that the district court must "tell the defendant the maximum possible penalty," 255 F.3d at 1026), the Ninth Circuit held that the district court's failure to properly advise the defendant of the maximum penalty that he faced was not harmless error. *Citing United States v. Jaramillo-Suarez*, 857 F.2d 1368, 1370 (9th Cir. 1988). In *Barrios-Gutierrez*, the Ninth Circuit made clear that Rule 11(h) of the Federal Rules of Criminal Procedure applies "only to 'a minor or technical violation of Rule 11.'" *Barrios-Gutierrez, supra.* 218 F.3d at 1121, *citing United States v. Graibe*, 946 F.2d 1428, 1433 (9th Cir. 1991). According to *Barrios-Gutierrez*, "Rule 11 *fundamentally* requires that the defendant understand the 'maximum possible penalty provided by law.' *Quoting Fed. R. Crim. P. 11(c). Only in this way* can the defendant be 'placed in a position where his plea will be intelligent and informed.'" *Barrios-Gutierrez*, 218 F.3d at 1122, *quoting United States v. Gastelum*, 16 F.3d 996, 999-1000 (9th Cir. 1994) (emphasis added); *see also Jaramillo-Suarez, supra,* 857 F.2d at 1372-3. *Barrios-Gutierrez* went on to hold that "[t]he district court *must* directly address the defendant and state the maximum sentence; *it is insufficient for*

8

counsel to do so." *Id.*, *citing United States v. Odedo*, 154 F.3d 937, 940 (9th Cir. 2000) (emphasis added).

      *Jaramillo-Suarez* makes clear that "'Rule 11 is concerned only with those consequences of which it is objectively deemed that the defendant must be informed to enter a voluntary plea.'" *Jaramillo-Suarez*, 857 F.2d at 1371, *quoting United States v. Myers*, 451 F.2d 402, 404 (9th Cir. 1972). *Jaramillo-Suarez* then clarified that "'*any* factor that necessarily affects the maximum term of imprisonment is a consequence of the plea within the meaning of Rule 11.'" *Id.*, *quoting Myers*, 451 F.2d at 404 (emphasis added). As *Jaramillo-Suarez* held, "Rule 11 is designed to ensure that the defendant is aware of the maximum penalty *before* he pleads guilty, not after." 857 F.2d at 1372 (emphasis in the original). Hence, if explicitly misinforming a defendant of the maximum penalty that he or she faces is not "structural error," it would be difficult to determine what would be.

      In *United States v. Benz*, 472 F.3d 657 (9th Cir. 2006), the district court failed to inform the defendant of the mandatory minimum sentence on a count of conviction. The government conceded that the error occurred, that it was plain error, and that it affected the defendant's substantial rights. *See id.*, 472 F.3d at 660. The government's only contention was that the defendant was aware of the relevant statutory minimum penalty and that, as a result, the court's Rule 11 error did not affect the defendant's decision to plead guilty. *See id.* The court, after examining the entire record, held that "that the failure to inform the defendant of the mandatory minimum seriously affected the fairness, integrity, or public reputation of the judicial proceedings because we cannot know whether the defendant would have pled differently had he been informed of the

mandatory minimum sentence as required under Rule 11." *Id.*, 472 F.3d at 661-62.  It is difficult to draw a principled distinction between the facts in *Benz*, and those presented here.  In short, explicitly misinforming a defendant of the maximum penalty that he or she faces affects "the fairness, integrity, and public reputation of the judicial proceedings," as the explicit misinformation affects a defendant's risk-reward analysis when deciding whether to plead guilty or to pursue a trial.

### 2.  Due Process

"In order to satisfy the due process requirements of the *Fifth Amendment*, a defendant's guilty plea must be voluntary and intelligent." *United States v. Graibe, supra.*, 946 F.2d at 1432, *citing Carter v. McCarthy*, 806 F.2d 1373, 1375 (9th Cir. 1986) (emphasis in the original).  "[T]he acceptance of a guilty plea requires the 'utmost solicitude of which courts are capable in canvassing the matter with the accused to make sure he has a full understanding of what the plea connotes and of its consequence.'" *Id.*, *quoting Boykin v. Alabama*, 395 U.S. 238, 242 (1969).  "An accused's plea of guilty can be voluntary only if he is 'fully aware of the direct consequences' of his plea." *Id.*, *quoting Brady v. United States*, 397 U.S. 742, 749 (1970).  The voluntariness of a defendant's guilty plea is reviewed *de novo*. *United States v. Littlejohn*, 224 F.3d 960, 964 (9th Cir. 2000).  "A defendant's choice between entering into a plea agreement with the government or proceeding to trial rests upon his calculation of the relative risks and benefits of each option." *Id.*

Courts have found that overstating the maximum punishment to which a defendant could be sentenced skews the risk and benefit calculation that the defendant must undertake in order to knowingly and voluntarily decide whether to take a guilty

plea. *See Najera-Gordillo, supra.*, at *5, *citing United States v. Stubbs*, 279 F.3d 402, 411 (6th Cir. 2002), *vacated on other grounds by Stubbs v. United States*, 543 U.S. 1104 (2005); *see also Pitts v. United States*, 763 F.2d 197, 201 (6th Cir. 1985), *abrogated on other grounds recognized by United States v. Helton*, 349 F.3d 295, 299 (6th Cir. 2003); *see also United States v. Guerra*, 94 F.3d 989, 995 (5th Cir. 1996), *opinion withdrawn and replaced by United States v. Guerra*, 1996 U.S. App. LEXIS 24982 (reemphasizing that defendant "was unaware of the true nature of the options he faced"); *see also United States v. Hogg*, 723 F.3d 730, 744-45 (6th Cir. 2013).

The length of a defendant's potential imprisonment is a direct consequence of his guilty plea. *See id.* at *4, *citing United States v. Wills*, 881 F.2d 823, 825 (9th Cir. 1989). If a court, or the government, explicitly misinforms a defendant of the potential sentence the defendant faces, then the plea colloquy fails to satisfy the due process requirements of the plea being knowing and voluntary. *See id.*, *citing United States v. Littlejohn, supra.*, 224 F.3d at 965 and *Torrey v. Estelle*, 842 F.2d 234, 235 (9th Cir. 1988); *see also Guerra, supra.*, 94 F.3d at 995.

### 3. Ineffective Assistance of Counsel

"To demonstrate ineffective assistance of counsel, a defendant must show: (1) that his counsel's performance was deficient; and (2) that the deficient performance prejudiced his defense." *United States v. Jeronimo*, 398 F.3d 1149, 1155 (9th Cir. 2005), *citing Strickland v. Washington*, 466 U.S. 668, 687 (1984). "This test applies to challenges to guilty pleas based on ineffective assistance of counsel claims." *Id.*, *citing Hill v. Lockhart*, 474 U.S. 52, 58 (1985). The standard enunciated in *Strickland* also

11

applies to a review of appellate counsel's representation.[2] *See Smith v. Robbins*, 528 U.S. 259, 285 (2000).

"Counsel is constitutionally deficient if his or her representation 'fell below an objective standard of reasonableness' such that it was outside 'the range of competence demanded of attorneys in criminal cases.'" *United States v. Najera-Gordillo*, 2014 U.S. Dist. LEXIS 162004, *5 and *6 (E.D.Ca. 2014), *quoting Strickland, supra.*, 466 U.S. at 687-888. "A reviewing court is required to make every effort 'to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" *Id.* At *6, *quoting Strickland, supra.*, 466 U.S. at 669. "Reviewing courts must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id., quoting Strickland, supra.*, 466 U.S. at 689.

"There is in addition a strong presumption that counsel 'exercised acceptable professional judgment in all significant decisions made.'" *Id., quoting Hughes v. Borg*, 898 F.2d 695, 702 (9th Cir. 1990), *citing Strickland*, 466 U.S. at 689. "This presumption of reasonableness means that the court must 'give the attorneys the benefit of the doubt,' and must also 'affirmatively entertain the range of possible reasons [defense] counsel may have had for proceeding as they did.'" *Id., quoting Cullen v. Pinholster*, 131 S.Ct. 1388, 1407 (2011). "Prejudice is found where 'there is a reasonable probability that, but

---

[2] "When a claim of ineffective assistance of counsel is based on failure to raise viable issues, the district court must examine the trial court record to determine whether appellate counsel failed to present significant and obvious issues in appeal. Significant issues which could have been raised should then be compared to those which were raised. Generally, only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." *Smith v. Robbins*, 528 U.S. 259, 288 (2000).

for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Id.*, at *6 and *7, *quoting Strickland*, 466 U.S. at 694. "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome.'" *Id.*, at *7, *citing Strickland*, 466 U.S. at 694.

"The *Strickland* standard applies to claims of ineffective assistance involving counsel's advice during the plea bargaining process." *Najera-Gordillo*, at *9, *citing Missouri v. Frye*, 132 S.Ct. 1399, 1404-05 (2012); *Lafler v. Cooper*, 132 S.Ct. 1376, 1384 (2012); *Padilla v. Kentucky*, 559 U.S. 356 (2010); *Hill v. Lockhart, supra.*; *Nunes v. Mueller*, 350 F.3d 1045, 1052 (9th Cir. 2003). "'[W]here the issue is whether to advise the client to plead or not 'the attorney has the duty to advise the defendant of the available options *and possible consequences*' and *failure to do so constitutes ineffective assistance of counsel*.'" *Id.*, *quoting United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994), *quoting Beckham v. Wainwright*, 639 F.2d 262, 267 (5th Cir. 1981) (emphasis added). "The relevant question is not whether 'counsel's advice [was] right or wrong, but . . . whether that advice was within the range of competence demanded of attorneys in criminal cases.'" *Id.*, at *9 and *10, *quoting McMann v. Richardson*, 397 U.S. 759, 771 (1970). "In order to show prejudice in cases where a defendant claims that ineffective assistance of trial counsel led the defendant to plead guilty instead of proceeding to trial, a defendant must demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.*, at *10, *quoting Hill v. Lockhart, supra.*, 474 U.S. at 59.

"Constitutionally ineffective assistance of counsel constitutes cause sufficient to excuse a procedural default." *United States v. Ratigan*, 351 F.3d 957, 965 (9th Cir. 2003), *citing Murray v. Carrier*, 477 U.S. 478, 488 (1986).

### 4. Plea Agreements and Related Waivers

The Ninth Circuit's "analysis [of plea agreements] begins with the fundamental rule that plea agreements are contractual in nature and are measured by contract law standards." *Jeronimo*, 398 F.3d at 1153, *quoting United States v. Clark*, 218 F.3d 1092, 1095 (9th Cir. 2000); *see also United States v. Transfiguracion*, 442 F.3d 1222, 1228 (9th Cir. 2006), *citing Brown v. Poole*, 337 F.3d 1155, 1159 (9th Cir. 2003). The Ninth Circuit "will generally enforce the plain language of a plea agreement if it is clear and unambiguous on its face." *Id.*, *citing United States v. Nunez*, 223 F.3d 956, 958 (9th Cir. 2000) and *United States v. Martinez*, 143 F.3d 1266, 1271 (9th Cir. 1998). "In construing an agreement, the court must determine what the defendant reasonably understood to be the terms of the agreement when he pleaded guilty." *United States v. De La Fuente*, 8 F.3d 1333, 1337 (9th Cir. 1993). Waivers included within a plea agreement must be knowingly and voluntarily entered into. *See id.*, *citing United States v. Joyce*, 357 F.3d 921, 922 (9th Cir. 2004) and *Martinez*, *supra.*, 143 F.3d at 1270-71.

In construing plea agreements, "every word, phrase or term of a contract must be given effect," and courts should avoid accepting interpretations that "render[] part of the writing superfluous." 11 Williston on Contracts, § 32:5 (4th ed. 2014); *see also United States v. Spear*, 753 F.3d 964, 968 (9th Cir. 2014) (courts prefer "applying to a plea agreement the principle of contract law preferring an interpretation that does not leave a portion of the contract superfluous," *citing United States v. Hamdi*, 432 F.3d

14

1215, 1223-24 (2nd Cir. 2005); *see also United States v. Brye*, 146 F.3d 1207, 1211 (10th Cir. 1998)).  It is a settled canon of contractual and plea agreement interpretation such that in the interpretation of a promise or agreement or a term thereof "an interpretation which gives a reasonable, lawful, and effective meaning to all the terms is preferred to an interpretation which leaves a part unreasonable, unlawful, or of no effect." *United States v. Franco-Lopez*, 312 F.3d 984, 991 (9th Cir. 2002).

"A guilty plea cannot be 'induced by . . . misrepresentation.'" *See id.*, 398 F.3d at 1155, *citing United States v. Signori*, 844 F.2d 635, 638 (9th Cir. 1988). Similarly, ambiguities in a plea agreement will be construed against the drafter of the agreement. *See Transfiguracion, supra.*, *citing* Black's Law Dictionary 328 7th Ed. 1999. "In context of plea agreements, the government is usually the drafter and must ordinarily bear the 'responsibility for any lack of clarity.'" *Transfiguracion, supra.*, *quoting United States v. Franco-Lopez*, 312 F.3d 984, 989 (9th Cir. 2002).  "Ambiguities are therefore construed 'in favor of the defendant.'" *Id.*, *citing Franco-Lopez, supra.* and *United States v. De La Fuente, supra.*, 8 F.3d at 1338.

### 5.  Waivers of Indictment

A waiver of indictment, entered pursuant to Rule 7 of the Federal Rules of Criminal Procedure, must be knowingly and voluntarily entered into.  *See Bartlett v. United States*, 354 F.2d 745, 748 (8th Cir. 1966); *see also United States v. Ferguson*, 758 F.2d 843, 850-51 (2d Cir. 1985), *citing United States v. Macklin*, 523 F.2d 193, 196 (2d Cir. 1975) and *Beardslee v. United States*, 541 F.2d 705, 706 (8th Cir. 1976).  In *Bartlett*, the Eighth Circuit held that the waiver of indictment must be made after the defendant has been advised of "the nature of the charges against him, his rights *and the possible*

*penalties* applicable to the charges made." *Id.*; *see also Beardslee, supra.* (emphasis added).

### 6.   Proper Remedy for Invalidated Integrated Plea Agreement

The proper remedy where an integrated plea agreement that covers two counts is invalidated is to invalidate both counts of conviction, not just one. *See United States v. Keller*, 256 Fed. Appx. 184, 186 (9th Cir. 2007), *citing United States v. Sandoval-Lopez*, 122 F.3d 797, 802 (9th Cir. 1997) ("The proper remedy when one count of an integrated plea agreement is vacated because of a Rule 11 violation is to vacate *the entire plea agreement* . . . .") (emphasis added).

### 28 U.S.C. §2255 Motions

"A motion by a federal prisoner for postconviction relief under *28 U.S.C. § 2255* is subject to a one-year time limitation that generally runs from 'the date on which the judgment of conviction becomes final.'" *Clay v. United States*, 537 U.S. 522, 524 (2003). The Supreme Court has held that "for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, *§ 2255*'s one-year limitation period starts to run when the time for seeking such review expires." *Clay, supra*, 537 U.S. at 532. A litigant's time to file a petition for a writ of *certiorari* expires 90 days after the entry of the Court of Appeals' judgment. *See* United States Supreme Court Rules Rule 13(1).

### V.   ARGUMENT

Here, Movant entered into his plea agreement, agreed to waive indictment, pled guilty and was sentenced in violation of his rights to due process of law under the Fifth Amendment to the United States Constitution, in violation of his rights to effective assistance of counsel in

violation of the Sixth Amendment to the United States Constitution, and the provisions of Rules

7(b) and 11 of the Federal Rules of Criminal Procedure.

## A. Introduction

Movant was repeatedly explicitly misinformed regarding the maximum penalty that

he faced on his money laundering conviction under 18 U.S.C. §1957 and, as a result, was

deprived of materially substantive information mandated by due process and Rule 11. The Plea

Agreement, Defendant Information Relative to a Criminal Action, arraignment, plea allocution,

and PSR all incorrectly explicitly informed him that the maximum penalty that he faced on

Count One of the information was 20 years in prison. Movant's trial counsel failed to alert the

District Court of this error and Movant's appellate counsel failed to raise this issue on appeal.

## B. Movant's Waiver of Indictment and Guilty Plea Were Obtained in Violation of His Fifth Amendment Due Process Rights

Movant did not waive indictment and agree to plead guilty knowingly and voluntarily

because he was repeatedly and explicitly misinformed regarding the potential consequences of

his plea. *See United States v. Graibe, supra.*, 946 F.2d at 1432, *Carter, supra.*, 806 F.2d at 1375,

*Boykin, supra.*, 395 U.S. at 242 and *Brady, supra.*, 397 U.S. at 749. Movant could not properly

weigh the risks and benefits of entering into the Plea Agreement without being properly

informed regarding the risks he faced in pleading guilty to money laundering, and the record is

clear that Movant was not properly informed regarding those risks. *See id.; see* Bridges

Declaration, Paragraphs 4 through 8. This failure violated Movant's right to due process of law.

The Movant's waiver of his constitutional right to indictment and a jury trial "cannot

be half voluntary and half involuntary; half knowing and half unknowing; half constitutional and

half unconstitutional." *United States v. Barron*, 172 F.3d 1153, 1160 (9th Cir. 1999). When a

constitutional error infected the acceptance of Movant's waiver of indictment and resulting plea

then the waiver is invalid and the entire plea defective as plea agreements are treated as a single package. *See id.*

## C. Movant's Plea Agreement Violated Basic Contract Law Principles

Movant's agreement to waive indictment and to plead guilty was obtained by repeated explicit misrepresentations. *See* Bridges Declaration, Paragraphs 4, 6, 8, and 10. Movant's agreement to waive indictment and to plead guilty is to be "measured by contract law standards." *Jeronimo*, 398 F.3d at 1153, *quoting Clark*, 218 F.3d at 1095; *see also Transfiguracion*, 442 F.3d at 1228, *citing Brown*, 337 F.3d at 1159.[3]  As a result of the repeated explicit misrepresentations regarding Movant's possible prison exposure for his money laundering conviction, his agreement to waive indictment and to plead guilty was not knowingly and voluntarily obtained. *See id*, *citing Joyce*, 357 F.3d at 922 and *Martinez, supra.*, 143 F.3d at 1270-71.

Here, the Plea Agreement clearly explicitly misrepresents his maximum prison exposure for his money laundering plea.  Indeed, the Plea Agreement doubles his maximum possible punishment for this offense.  In addition, his Defendant Information Relative to a Criminal Action, which was filed about two and one-half months before his guilty plea, also overstates his maximum possible prison exposure by a factor of two. Movant was similarly explicitly misinformed by the Court regarding his maximum prison exposure during his August 31, 2015 plea allocution.  Finally, although his PSR was completed a number of months after he executed the Plea Agreement and he pled guilty,

---

[3] Although Movant believes that the Plea Agreement, and its misrepresentation, are clear on their face, any possible ambiguities in the Plea Agreement must be construed against the government and in favor of Movant, as it drafted the Plea Agreement and therefore bears the responsibility for any lack of clarity. *See Transfiguracion, supra., citing* Black's Law Dictionary 328 7th Ed. 1999 and *quoting and citing Franco-Lopez*, 312 F.3d at 989 and *De La Fuente*, 8 F.3d at 1338.

it similarly explicitly misinformed him regarding his maximum exposure on his money

laundering count.

### D. Rule 11 of the Federal Rules of Criminal Procedure

Movant acknowledges that he failed to raise a challenge to the Rule 11

violation in the trial court and that he, therefore, bears the burden of satisfying the plain

error rule upon collateral attack. *See Vonn*, 535 U.S. at 59; *see also Collins*, 684 F.3d at

881, *citing Dominguez Benitez*, 542 U.S. at 83; *see also Fed. R. Crim. Proc.* Rules 11(h)

and 52(b). He further recognizes that the trial court can review the entire record to

determine if the error affected his substantial rights. *See id., see also Vonn, supra*, 535

U.S. at 74-76 (court reviewing an alleged Rule 11 violation, a court can review the entire

record to determine a "defendant's understanding *when* pleading guilty" although the best

evidence of the defendant's understanding "is the colloquy closest to the moment he

enters the plea") (emphasis added). Here however, the August 31, 2015 Rule 11 colloquy

"was inconsistent with the rudimentary demands of fair procedure."[4] *Vonn, supra.*, 535

U.S. at 64, *citing Timmreck*, 441 U.S. at 783, in turn *quoting Hill*, 368 U.S. at 428.

The Court's and government's failure to accurately advise Movant of the

correct maximum penalty for his money laundering conviction constitutes a "defect

which inherently results in a complete miscarriage of justice," as well as constituting a

proceeding "inconsistent with the rudimentary demands of fair procedure" as it

eliminated Movant's ability to meaningfully weigh the risks of going to trial, or accepting

the waiver of indictment and agreeing to plead guilty. *Timmreck, supra.* 441 U.S. at 783-

---

[4] Although not directly related to Movant's Rule 11 plea allocution, the Plea Agreement, proceedings during his arraignment on the Information, and his PSR were similarly inconsistent with the rudimentary demands of fair procedure.

84l; *see also See Najera-Gordillo v. United States*, 2009 U.S. Dist. LEXIS 82062 at *5. In this instance, the Rule 11 error is error, plain, and affects Movant's substantial rights. *Kyle*, 734 F.3d at 963, *quoting Cotton*, 535 U.S. at 631; *see also Borowy*, 595 F.3d at 1049. Furthermore, the error seriously affects the "fairness, integrity, [and] public reputation of judicial proceedings." *Id.* Obtaining pleas of guilty through repeated explicit misrepresentations, purposeful or otherwise, is inherently unfair, creates the public perception of misconduct, and, if uncorrected, calls into question the justice system's integrity.

In *Najera-Gordillo*, the defendant was misadvised by counsel, in his plea agreement, and at the Rule 11 hearing regarding the maximum term of imprisonment that he faced. The defendant's appellate counsel failed to identify the error and, instead, filed an *Anders* brief. The *Najera-Gordillo* court, based upon these findings, vacated the defendant's plea of guilty and set the matter down for further proceedings. Movant's matter presents largely parallel facts.[5]

The repeated explicit misrepresentations of the maximum penalty Movant faced for his money laundering conviction was a structural error, and prejudice is presumed. *See Borowy, Collins*, and *Dominguez Benitez, supra.*; *see also See Johnson v. United States*, 520 U.S. at 469. Similarly, failure to properly advise a defendant of the maximum penalty that he faces is not harmless error. *See Barrios-Gutierrez*, 218 F.3d at 1121 and *Jaramillo-Suarez*, 857 F.2d at 1372-73. As in *United States v. Benz*, 472 F.3d at 660, where the government conceded that the Court's failure to inform the defendant

---

[5] In *Najera-Gordillo*, the government proceeded by way of indictment. Here, the government required Movant to waive indictment and agree to be prosecuted by information.

of a statutory mandatory minimum sentence was error, plain, and that the error affected the defendant's substantial rights, the Rule 11 violation in Movant's matter "seriously affected the fairness, integrity, or public reputation of the judicial proceedings because we cannot know whether [Movant] would have pled differently had he been [properly] informed of the [statutory maximum] sentence as required under Rule 11." *Id.*, 472 F.3d at 661-62.

Finally, even if the Court determines that this error was not structural in nature, Movant "'[can] show a reasonable probability that, but for the error, he would not have entered the plea.'" *Kyle*, 734 F.3d at 963, *quoting Dominguez Benitez, supra.*, 542 U.S. at 76; *see also Borowy, supra., citing United States v. Monzon*, 429 F.3d at 1272. *Dominguez-Benitez* merely requires Movant to demonstrate a reasonable probability, not an absolute certainty, that he would not have entered a guilty plea in the absence of the error. 542 U.S. at 83. Movant has met this burden. The overstatement of Movant's money laundering exposure skewed his risk analysis to such an extent that he was left with little option but to plead guilty. *See* Bridges Declaration, Paragraphs 4, 5, 6, 8, and 10. It seems clear that overstating the maximum possible term of imprisonment skews the risk analysis in a way that understating the maximum possible term of imprisonment would not.

Finally, if the Court grants Movant's motion to set aside his sentence, his judgment of conviction, and his waiver of indictment as to his money laundering conviction, then it must set aside the entire Plea Agreement and start anew. *See United States v. Keller*, 256 Fed. Appx. at 186, *citing United States v. Sandoval-Lopez*, 122 F.3d

21

at 802; *see also United States v. Barron*, 172 F.3d at 1160; *see also* Bridges Declaration, Paragraph 9.

### E. Ineffective Assistance of Trial and Appellate Counsel

Here, Movant's trial and appellate counsel were both ineffective.  Movant was repeatedly explicitly misinformed as to the maximum penalty he faced on his money laundering count in the Plea Agreement executed on June 15, 2015, at Movant's August 31, 2015 arraignment, at Movant's August 31, 2015 plea allocution, in Movant's PSR, and in the Defendant Information Relative to a Criminal Action.  Trial counsel had numerous opportunities to correct this misinformation in the record, and with his client. Counsel never did so.  *See* May 14, 2018 Declaration of Steven Levin, Esq., paragraph 2 thereto; *see also* Bridges Declaration, Paragraph 2.  Counsel's representation was deficient, in that counsel failed to properly advise, or cause Movant to be advised, of the maximum sentence that Movant faced for his money laundering count.  *See Jeronimo*, 398 F.3d at 1155, *citing Strickland*, 466 U.S. at 687 and *citing Hill*, 474 U.S. at 58 (applying *Strickland* to plea bargaining representation).

Similarly, Movant's appellate counsel failed to raise this issue on appeal, as she filed an *Anders* brief without raising this clear, plain error.  *United States v. Bridges*, 686 Fed. Appx. 491 (9th Cir. 2017).  Had appellate counsel raised this issue on appeal, it would have been evaluated pursuant to a different, and less stringent, standard used by this Court.  Movant's appellate counsel's failure was therefore deficient as counsel failed to raise a non-frivolous issue calling into question the legality of Movant's waiver of his right to appeal, which would have been reviewed under a more lenient standard than that applied by this Court on collateral review.

Here, Movant's trial and appellate counsel's "representation 'fell below an objective standard of reasonableness'" and was outside "'the range of competence demanded of attorneys in criminal cases.'" *Najera-Gordillo*, 2014 U.S. Dist. LEXIS 1620004, *5 and *6, *quoting Strickland, supra.*, 466 U.S. at 687-888. Here, Movant's trial counsel led him to believe that he faced up to 20 years on his plea to money laundering, twice the actual limit. In addition, Movant's appellate counsel failed to argue on appeal that Movant's constitutional, statutory and regulatory rights were violated as a result of the repeated explicit misinformation upon which Movant based his decision to plead guilty. Movant's appellate attorney's failure to argue this issue upon appeal materially harmed Movant's legal rights because of the different standard of review used by a Court reviewing a Rule 11 violation upon collateral review, as opposed to reviewing it for standard "plain error" review on direct appeal. *See United States v. Kyle*, 734 F.3d 956 (9th Cir. 2013) and *Hill v. United States*, 368 U.S. 424 (1962). There can simply be no plausible legitimate strategic or tactical reason for either counsel ignoring this issue, which strikes at the fundamental purpose of the Rule 11 requirements. For these reasons, Movant's trial and appellate counsel were ineffective and their representation was constitutionally deficient.

## F. Movant's Waiver of Indictment Must Be Withdrawn

Movant's waiver of indictment was not entered into knowingly and voluntarily. *Bartlett*, 354 F.2d at 748 (8th Cir. 1966); *see also Ferguson*, 758 F.2d at 850-51 (2d Cir. 1985), *citing Macklin*, 523 F.2d at 196 and *Beardslee v.*, 541 F.2d at 706; *see also United States v. Preston*, 706 F.3d 1106, 1116 (9th Cir. 2013), *rev'd on other grounds*, 751 F.3d 1008 (9th Cir. 2014). Movant's waiver of indictment is inextricably

linked to the Plea Agreement in this matter. *See* Plea Agreement and Waiver, Exhibits A

and B to the Fenstermaker Declaration. This is because Movant agreed to waive

indictment and to plead guilty based upon the repeated explicit misrepresentations that

his maximum potential sentence for his money laundering conviction was 20 years, rather

than the statutory maximum of 10 years. *See* 18 U.S.C. §1957.

  The Information was filed with the court one day after the plea agreement was

executed. The Defendant Information Relative to a Criminal Action clearly tied the

Information, and the arraignment thereon, to Movant's August 2015 guilty plea, as the

Defendant Information Relative to a Criminal Action stated "Defense and government

counsel are arranging an arraignment date to coincide with guilty plea in Aug[ust] 2015"

in the Comments section. Paragraph 1 of Movant's plea agreement, under the heading

"The Defendant's Promises," explicitly obligated him to plead guilty to the Information.

The only information of which Movant was aware at the time he entered into his plea

agreement was the Information which was filed the very next day and to which he pled

guilty in August of 2015. The government informed the Court that the defendant would

be pleading guilty on the very same day that he was arraigned on the Information. *See*

transcript of the August 31, 2015 arraignment on the Information, pages 5 and 6. The

fact that the government filed the Information one day after the plea agreement was

executed and approximately ten weeks before the waiver of indictment was executed is

clear evidence of the inextricable relationship between the Information and the plea

agreement.

  Contract law makes clear that "every word, phrase or term of a contract must

be given effect," and that Courts should avoid interpreting contracts in a manner that

renders part of the contract superfluous. Williston on Contracts, *supra.*; *see also Spear*, *supra.*, 753 F.3d at 968; *see also Franco-Lopez, supra.*, 312 F.3d at 991. If the plea agreement was not knowingly and voluntarily entered into, then neither was the waiver of indictment, as they were both part and parcel of an integrated whole. As a result, Movant must be permitted to withdraw his waiver of indictment.

### G. Timeliness of This Application

This application is timely. Movant appealed his conviction in this matter. His appeal was denied on April 7, 2017 and the Ninth Circuit's decision was filed with the clerk of the court on April 11, 2017. A copy of the Ninth Circuit's decision is attached to the Fenstermaker Declaration as Exhibit H thereto. As Mr. Bridges had 90 days to file a petition for a writ of *certiorari*, his time to file the instant application does not expire until July 10, 2018. *See Clay*, 537 U.S. at 524 and 532. *See also* United States Supreme Court Rules Rule 13(1).

## VI.   CONCLUSION

For the foregoing reasons, Movant's sentence and judgment must be vacated and he must be allowed to withdraw his waiver of indictment.

Dated:  June 12, 2018
        New York, New York

                                    **The Law Offices of Scott L. Fenstermaker, P.C.**
                                    Attorney for Movant Shaun Bridges


                        By:    _Scott L. Fenstermaker_
                               Scott L. Fenstermaker, Esq.
                               Attorney for Defendant/Movant Shaun Bridges
                               100 Park Avenue, 16th Floor
                               New York, New York 10017
                               212-302-0201 (office)
                               917-817-9001 (cellular)
                               Email:  scott@fenstermakerlaw.com
                               Appearing *pro hac vice*


To:    Clerk of the Court
       United States District Court
       450 Golden Gate Avenue
       San Francisco, California 94102