MELINDA HAAG (CABN 132612)
United States Attorney

FILED
JUN 16 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> SHAUN W. BRIDGES, <br> a/k/a "Number13," <br><br> Defendant. | CRIMINAL NO. <br> CR 15 0319 RS <br><br> VIOLATIONS: <br> 18 U.S.C. § 1957 – Money Laundering; <br> 18 U.S.C. § 1512 – Obstruction of Justice; <br> 18 U.S.C. §§ 982(a)(1); 981(a)(1)(C); and 28 U.S.C. § 2461(c) – Forfeiture. |

INFORMATION

The United States Attorney charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Information, with all dates being approximate and all date ranges both approximate and inclusive:

1. Defendant SHAUN W. BRIDGES ("BRIDGES") was a Special Agent with the United States Secret Service ("USSS") assigned to the Baltimore Silk Road Task Force and to the Secret Service's Electronic Crimes Task Force.

2. Silk Road was a website where illegal goods were posted for sale, including narcotics. Silk Road was only accessible through The Onion Router, or "TOR" network, a network designed to

conceal the true IP addresses of computers on the network and the users' identities. The only accepted form of payment on Silk Road was Bitcoin.

3. Bitcoin was a form of virtual currency that existed online. The value of Bitcoin fluctuated widely during 2013 and 2014.

4. The Baltimore Silk Road Task Force was a task force formed jointly by several federal law enforcement agencies, including USSS, designed to investigate and apprehend vendors, buyers, administrators, and the manager of Silk Road, including the head of Silk Road, R.U., a/k/a "Dread Pirate Roberts," a/k/a "DPR" (hereafter "R.U."). A Grand Jury for the District of Maryland, based in Baltimore, Maryland, and in connection with the Baltimore Silk Road Task Force investigation, conducted investigation into the activities of R.U., vendors, buyers, and administrators, and it constituted an official proceeding.

5. BRIDGES was assigned to, among other responsibilities, forensic computer investigations in an effort to locate, identify, and prosecute targets of the Baltimore Silk Road Task Force, including R.U., and other vendors, buyers, and administrators on Silk Road.

6. Carl M. Force, IV, ("Force") was a Special Agent with the Drug Enforcement Administration assigned to the Baltimore Silk Road Task Force. Force was assigned to act in an undercover capacity in an effort to locate, identify, and prosecute targets of the Baltimore Silk Road Task Force, including R.U., and other vendors, buyers, and administrators on Silk Road. Force controlled "Nob," an undercover persona on Silk Road that communicated with R.U. and posed as a large scale drug dealer with the ability to hire people to commit murder. A Grand Jury for the Northern District of California, based in San Francisco, California, conducted investigation into the activities of Force and, eventually, BRIDGES, and it, too, constituted an official proceeding.

7. In his role performing forensic computer analysis, BRIDGES investigated a customer support representative on Silk Road, "C.G.," in connection with C.G. assisting in the delivery of approximately one kilogram of cocaine to an undercover identity controlled by Force. On January 17, 2013, BRIDGES participated in a search and arrest of C.G. for possession with intent to distribute cocaine.

CRIMINAL INFORMATION

2

8. On January 25, 2013, BRIDGES participated in an interview of C.G. During the interview, C.G. described his administrator access to Silk Road as a customer support representative and his ability to reset passwords and pins of account holders on Silk Road. C.G. shared his administrator access and password with the interviewing agents.

9. On January 25, 2013, BRIDGES accessed Silk Road through a computer utilizing C.G.'s administrator access. BRIDGES reset passwords and pins of various accounts on Silk Road and moved bitcoin from those accounts into a "wallet" he controlled. In this manner, BRIDGES fraudulently moved and stole approximately 20,000 bitcoin from Silk Road and Silk Road accounts.

10. On January 26, 2013, R.U. learned that C.G.'s access to Silk Road had been used to fraudulently transfer bitcoin from Silk Road into a wallet. R.U. canceled C.G.'s administrator access to Silk Road. On January 26, 2013, R.U. communicated with Force's undercover persona, "Nob," and sought to hire "Nob" to murder C.G. in retaliation for the bitcoin thefts.

11. On January 26, 2013, BRIDGES moved the stolen bitcoin into an account at Mt. Gox, an online digital currency exchange based in Japan.

12. On January 27, 2013, BRIDGES, acting as an undercover persona on Silk Road, "Number13," communicated with R.U. in an effort to falsely and fraudulently prevent R.U. from learning who had committed the theft from Silk Road. Using the "Number13" persona, BRIDGES communicated that he had been the victim of the theft, rather than its perpetrator, and that he wanted his bitcoin returned to him. At the time of these communications, R.U. was in the Northern District of California and BRIDGES was in Maryland.

13. On February 12, 2013, BRIDGES formed "Quantum International Investments, LLC," ("Quantum"), and registered Quantum with the Maryland Secretary of State.

14. On February 22, 2013, BRIDGES opened a personal investment account at Fidelity under the Quantum name but controlled by BRIDGES.

15. Between March 6, 2013, and May 7, 2013, BRIDGES liquidated the bitcoin in the Mt. Gox account, proceeds of the Silk Road fraud, into U.S. Currency and transferred the U.S. Currency into his Quantum Fidelity account. Subsequently, during June of 2014, BRIDGES transferred money from the Quantum Fidelity account into a joint bank account in the name of BRIDGES and another person.

3

CRIMINAL INFORMATION

COUNT ONE: (18 U.S.C. § 1957 – Money Laundering)

16. The allegations in paragraphs 1 through 15 of this Information are incorporated by reference as if set forth fully here.

17. Between March 6, 2013 and June 14, 2014, in the Northern District of California and elsewhere, the defendant,

SHAUN W. BRIDGES, a/k/a "Number13,"

knowingly engaged in the following monetary transactions in the United States, knowing that the transactions involved criminally derived property with a value of greater than $10,000, and which property was in fact the proceeds of specified unlawful activity, namely wire fraud, in violation of 18 U.S.C. § 1343:

| Date | Amount | Description of Financial Transaction |
| --- | --- | --- |
| 3/6/13 | $98,511.08 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/8/13 | $98,968.00 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/13/13 | $99,968.62 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/18/13 | $99,968.74 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 3/19/13 | $99,968.64 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/5/13 | $99,968.08 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/16/13 | $99,969.34 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 4/26/13 | $99,969.32 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 5/7/13 | $25,559.37 | Wire transfer from Mt. Gox to Quantum Fidelity account |
| 6/4/14 | $225,000.00 | Wire transfer from Quantum Fidelity account to PNC Bank account |

All in violation of Title 18, United States Code, Section 1957(a).

COUNT TWO: (18 U.S.C. § 1512(c)(2) – Obstruction of Justice)

18. Paragraphs 1 through 15 of this Information are incorporated by reference as if set forth fully here.

CRIMINAL INFORMATION

4

19. On or between January 25, 2013, and April 2, 2015, within the Northern District of California and elsewhere, the defendant,

SHAUN W. BRIDGES, a/k/a "Number13,"

and others known and unknown to the Grand Jury, knowingly, intentionally, and corruptly attempted to, and did, obstruct, influence, and impede the following official proceedings: (1) the Baltimore Grand Jury investigation in connection with the Baltimore Silk Road Task Force, and (2) the San Francisco Grand Jury investigation of BRIDGES and Force, by the following acts:

A. On January 25, 2013, BRIDGES used C.G.'s administrator access to Silk Road to steal bitcoin from Silk Road, thereby limiting the use of that access to further the Baltimore Grand Jury investigation of R.U. and Silk Road, creating incentive for R.U. to seek to murder C.G., and causing investigation into the thefts of bitcoin from Silk Road;

B. Between April 29, 2014, and June 27, 2014, in connection with the San Francisco Grand Jury investigation, BRIDGES made and caused to be made inquiries with a database controlled by the Financial Crimes Enforcement Network ("FinCEN") in an effort to determine whether Bank Secrecy Act filings existed related to his financial activities;

C. On May 28, 2014, BRIDGES made false and misleading statements to a Special Agent of the Federal Bureau of Investigation, in connection with the San Francisco Grand Jury investigation of Force, in an effort to prevent the investigation from focusing on BRIDGES;

D. On November 13, 2014, BRIDGES made false and misleading statements to a Special Agent of the Department of Justice Office of Inspector General participating in the San Francisco Grand Jury investigation of Force in an effort to prevent the investigation from focusing on BRIDGES;

E. On February 1, 2015, BRIDGES solicited a witness to the FinCEN searches to make false statements to Special Agents of the Department of Homeland Security Office of Inspector General and the Federal Bureau of Investigation in connection with the San Francisco Grand Jury investigation of Force and BRIDGES; and

F. On March 30, 2015, BRIDGES made false statements to Special Agents of the Internal Revenue Service Criminal Investigation Division and Federal Bureau of Investigation

CRIMINAL INFORMATION
5

regarding the FinCEN searches in connection with the San Francisco Grand Jury investigation of Force and BRIDGES.

All in violation of Title 18, United States Code, Sections 1512(c)(2) and 2.

FORFEITURE ALLEGATIONS: (18 U.S.C. § 982(a)(1) – Money Laundering Forfeiture); ( 18. U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) – Obstruction of Justice Forfeiture)

Upon conviction of the offense alleged in Count One of the Information, the defendant,

SHAUN W. BRIDGES, a/k/a "Number13,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(1), any property, real or personal, involved in any such offense, or any property traceable to such property, including but not limited to the following: a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C §§ 1957(a):

    a. Any interest in, security of, claim against, or property or contractual rights of any kind in the goods or tangible items that were the subject of the violation;

    b. Any interest in, security of, claim against, or property or contractual rights of any kind in tangible property that was used in the export or attempt to export that was the subject of the violation; and

    c. Any property constituting, or derived from, any proceed obtained directly or indirectly as a result of the violation; and

    d. Any property, real or personal, which constitutes or is derived from proceeds traceable to the violation.

Upon conviction of the offense alleged in Count Two of the Information, the defendant,

SHAUN W. BRIDGES, a/k/a "Number13,"

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(c), and 28, U.S.C. § 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, including but not limited to the following: a money judgment equivalent to the amount of property involved in the violation of 18 U.S.C. §§ 1512(c)(2) and 2.

If any of the property described above, as a result of any act or omission of the defendant:

    (a) cannot be located upon the exercise of due diligence;

6

CRIMINAL INFORMATION

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p), incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c).

MELINDA HAAG
United States Attorney

DAVID R. CALLAWAY
Chief, Criminal Division

RAYMOND HULSER
Acting Chief, Public Integrity Section

(Approved as to form:
WILLIAM FRENTZEN
KATHRYN HAUN
Assistant U.S. Attorneys

RICHARD EVANS
Trial Attorney, Public Integrity Section

CRIMINAL INFORMATION

7

United States District Court
Northern District of California

# CRIMINAL COVER SHEET

**Instructions:** Effective January 3, 2012, this Criminal Cover Sheet must be completed and submitted, along with the Defendant Information Form, for each new criminal case.

**Case Name:** USA v. SHAUN W. BRIDGES

**Case Number:** CR 15 0319 RS

**Total Number of Defendants:** 1 ☐  2-7 ✓  8 or more ☐

**Is This Case Under Seal?** Yes ☐  No ✓

**Does this case involve ONLY charges under 8 U.S.C. § 1325 and/or 1326?** Yes ☐  No ✓

**Venue (Per Crim. L.R. 18-1):** SF ✓  OAK ☐  SJ ☐  EUR ☐  MON ☐

**Is any defendant charged with a death-penalty-eligible crime?** Yes ☐  No ✓

**Assigned AUSA (Lead Attorney):** KATHRYN R. HAUN

**Is this a RICO Act gang case?** Yes ☐  No ✓

**Date Submitted:** June 16, 2015

**Comments:** An Information for co-Defendant Carl Force is expected to be filed shortly and related to this action; hence the number for total number of defendants above is listed as 2 instead of 1

July 2013