DAVID L. ANDERSON (CABN 149604)
United States Attorney

HALLIE HOFFMAN (CABN 210020)
Chief, Criminal Division

DAVID COUNTRYMAN (CABN 226995)
CHRIS KALTSAS (NYBN 5460902)
CLAUDIA QUIROZ (CABN 254419)
WILLIAM FRENTZEN (LABN 24421)
Assistant United States Attorneys

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    david.countryman@ usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh; <br><br> Defendant. | CIVIL CASE NO. 20-07811 VC <br> [Filed November 5, 2020] <br><br><br> NOTICE OF RELATED CASE IN A CRIMINAL ACTION |
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CARL M. FORCE IV, and <br> SHAUN W. BRIDGES, <br><br> Defendants. | CRIMINAL CASE NO. 15-0319 RS <br> [Filed March 25, 2015] |

CERTIFICATE OF SERVICE       1
20-CV-02013 VC

The United States, pursuant to Local Criminal Rule 8-1, hereby notifies the Court that the two above-captioned cases may be related. The first-filed case, *United States of America v. Approximately 69,370 Bitcoin (BTC), Bitcoin Gold (BTG), Bitcoin SV (BSV), and Bitcoin Cash (BCH) seized from 1HQ3Go3ggs8pFnXuHVHRytPCq5fGG8Hbh*, Case No. 20-CV-07811 VC, was filed on November 5, 2015. In the instant civil forfeiture action, the United States alleges that the defendant property named in the above caption is subject to forfeiture under Title 18, United States Code, Sections 981(a)(1)(A), (a)(1)(C), and (b); and Title 21, United States Code, Section 881. The complaint alleges that the defendant property was obtained as part of a computer hacking conspiracy targeting the Silk Road, a now-defunct Darknet marketplace that furnished narcotics, illegal computer services, and personal identifying information, among other things, for sale.  The defendant property is further alleged to represent the proceeds of money laundering and narcotics trafficking.

A criminal complaint, *United States v. Carl M. Force IV and Shaun W. Bridges*, Case No. 20-CR-0319 RS, was filed on March 25, 2015. The complaint alleged that the defendants violated Title 18, United States Code, Sections 1343 (Wire Fraud) and 1956 (Money Laundering), and that defendant Carl Force further violated Title 18, United States Code, Sections 641 (Theft of Government Property) and 208 (Conflict of Interest).  Ultimately, defendant Carl Force was charged with Title 18, United States Code, Sections 1956 (Money Laundering); 1512 (Obstruction of Justice); and 1951 (Extortion) in an Information filed on June 22, 2015.  This Information also contained a forfeiture allegation.  Defendant Shaun Bridges was also charged by Information, which was filed on June 16, 2015.  Therein, he was charged with violations of Title 18, United States Code, Sections 1957 (Money Laundering) and 1512 (Obstruction of Justice).  Bridges' Information also contained a forfeiture allegation.

The allegations in this civil forfeiture action, and the Complaints and Informations cited herein, each involve conduct related to the Silk Road.  That conduct includes various means of obtaining funds from Silk Road, all of which was generated through similar illegal activity.  The investigations in these two cases are linked as they both directly involved communications with the creator of the Silk Road, Ross Ulbricht.  In both cases, the funds involved were the subject of discussion with Ross Ulbricht.  Finally, the cases involve the same period of conduct, namely the latter period of the Silk Road's operation (between 2013 and 2015).   The allegations in the cases therefore relate to similar events,

occurrences, transactions, and property, and each action involve similar allegations and investigative activity. Because of the facts and allegations common to each action, the actions may entail substantial duplication of labor if heard by different judges. For these reasons, pursuant to Local Rule 8-1(c)(4), the Government believes that assignment to a single judge is likely to conserve judicial resources and promote an efficient determination of the action.

DATED: November 9, 2020                                         Respectfully submitted,

                                                                DAVID L. ANDERSON
                                                                United States Attorney


                                                                _____/s/_____
                                                                DAVID COUNTRYMAN
                                                                CHRIS KALTSAS
                                                                Assistant United States Attorneys

CERTIFICATE OF SERVICE                3
20-CV-02013 VC